UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | 11-33335-HDH-15 |
|     Debtor. | ) | |
| -------------------------------------------------------- | ) | |
| AD HOC GROUP OF VITRO | ) | |
| NOTEHOLDERS, | ) | |
| | ) | |
|     Appellant, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:11-CV-2888-G |
| | ) | |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | |
|     Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is an appeal from the bankruptcy court's order granting recognition of a foreign main proceeding. For the reasons set forth below, the bankruptcy court's order is affirmed.

I. BACKGROUND

This bankruptcy appeal deals with recognition of a foreign bankruptcy proceeding under Chapter 15 of the Bankruptcy Code. The appellee, Vitro, S.A.B. de

C.V. ("Vitro"), is a Mexican holding company; its subsidiaries jointly constitute one of the largest glass manufacturers in the world. Brief of Appellant the Ad Hoc Group of Vitro Noteholders ("Appellant's Brief") at 2, 4 (docket entry 18). The appellant, the Ad Hoc Group of Vitro Noteholders ("the Noteholders"), consists of entities which have beneficial interests in certain debt instruments issued by Vitro and guaranteed by its subsidiaries. *Id*. at 2.

At a board meeting on October 29, 2010, Vitro appointed Alejandro Sanchez-Mujica ("Sanchez-Mujica") to be its "foreign representative" in its anticipated bankruptcy filing. *Id*. at 6. On December 13, 2010, Vitro filed a voluntary petition for reorganization -- known as a "*concurso mercantil*" petition -- in a Mexican court. *Id*. at 7. Vitro subsequently filed a petition under Chapter 15 in the United States to recognize the Mexican proceeding. *Id*. at 8.

The Noteholders objected to Vitro's petition on a number of grounds, including on the basis that Sanchez-Mujica could not be a foreign representative because he was not allowed to leave Mexico. *Id*. at 9. In response, Vitro appointed Javier Arechavaleta Santos ("Arechavaleta") to be, with Sanchez-Mujica, a "co-foreign representative" of Vitro. *Id*.

On July 14, 2011, the bankruptcy court held an evidentiary hearing in this case. *Id*. at 9. On July 21, 2011, the bankruptcy court filed an order recognizing the Vitro foreign main proceeding. Order on Petition for Recognition of Foreign Main

Proceeding ("Bankruptcy Order") at 1-4 (bankruptcy docket entry 137). The Noteholders then filed the instant appeal.

## II.  ANALYSIS

### A.  Legal Standard

Under Chapter 15 of the Bankruptcy Code, a debtor in a foreign bankruptcy proceeding may petition a court for "recognition" of the foreign proceeding. *See generally* 11 U.S.C. § 1501 *et seq.* Under 11 U.S.C. § 1515, this petition is filed by a foreign representative. If the petition is not accompanied by certain documents, it must contain "evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative." 11 U.S.C. § 1515(b)(3). A court shall enter an order recognizing a foreign proceeding only if three requirements are met. First, "such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502." *Id*. § 1517(a)(1). Second, "the foreign representative applying for recognition is a person or body."* *Id*. § 1517(a)(2). Third, the petition must fulfill all the requirements of Section 1515. *Id*. § 1517(a)(3).

The crucial party in a Chapter 15 proceeding is the "foreign representative" of the debtor. If a court grants recognition, then the foreign representative is entitled to

---

\*    In this case, Vitro urges that Sanchez-Mujica and Arechavaleta, as "co-foreign representatives," constitute "a person or body" under 11 U.S.C. §§ 101(24) and 1517(a)(2). While the court views this argument with skepticism, it is not a basis for reversal as neither the parties nor the bankruptcy court made an issue of it.

certain rights and privileges in a U.S. bankruptcy court. *See, e.g.*, 11 U.S.C. § 1509(b)(1) (foreign representative may sue or be sued); 11 U.S.C. § 1521 (foreign representative may ask the bankruptcy court for relief if it is "necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interest of the creditors"); 11 U.S.C. § 1524 (foreign representative may intervene in a state or federal court proceeding where the debtor is a party).

    11 U.S.C. § 101(24) defines the term "foreign representative" as

> "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

    Moreover, 11 U.S.C. § 101(23) defines the term "foreign proceeding" as

> "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

    It is important to note that Chapter 15 recognition is not a "rubber stamp exercise," and the "burden of proof on the requirements of recognition is on the foreign representative." *Lavie v. Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010). Moreover, courts have recognized that the "recognition regime under chapter 15 is quite rigid." *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 46 (Bankr. S.D.N.Y. 2008).

B.  Application

This court will "generally review factual findings for clear error and conclusions of law de novo." *Lavie*, 607 F.3d at 1020.

1. *Whether Foreign Representatives Need
to be Approved by Foreign Courts*

In this case, the Noteholders argue that the bankruptcy court was wrong to recognize the Mexican foreign proceeding under Chapter 15.  Appellant's Brief at 2.  In particular, the Noteholders insist that Sanchez-Mujica and Arechavaleta are not foreign representatives under Section 101(24) because they were not directly approved by the Mexican bankruptcy court.  *Id*. at 16.  If Vitro did not have a valid foreign representative, then a U.S. bankruptcy court could not have recognized the Mexican bankruptcy proceeding under Chapter 15.  Because the court concludes, however, that Sanchez-Mujica and Arechavaleta should be considered Vitro's foreign representative under Section 101(24), the decision of the bankruptcy court is affirmed.

In their appeal, the Noteholders point to the language of Section 101(24), which states that a foreign representative must be "authorized in a foreign proceeding." *Id*. at 18.  The phrase "foreign proceeding" is itself defined in Section 101(23) as "a collective judicial or administrative proceeding." *Id*. at 19.  According to the Noteholders, Vitro has violated the "express and unambiguous terms of the

Bankruptcy Code" because the Mexican bankruptcy court did not itself approve Sanchez-Mujica and Arechavaleta's appointment as co-foreign representatives. *Id*.

The court disagrees with the Noteholder's characterization of the phrase "foreign proceeding" as "express and unambiguous." See *id*. at 19. The Noteholders submit that the phrase "authorized in a foreign proceeding" includes direct authorization by a foreign court or administrative body, and nothing else. However, the court believes it is reasonable to understand the phrase "authorized in a foreign proceeding" more broadly, *i.e.*, to mean authorized *in the context of* a foreign bankruptcy proceeding. If the latter interpretation is correct, then a foreign representative who was appointed by a corporation engaged in a foreign bankruptcy proceeding could be considered "authorized in a foreign proceeding." In the face of this apparent uncertainty, the court will look beyond the statutory language in interpreting the requirement that a foreign representative be "authorized in a foreign proceeding."

While the case law on this issue is sparse, every case cited by the parties suggests that a debtor is allowed to appoint its own foreign representative. As Judge Hale recognized, "U.S. bankruptcy courts have granted recognition of *concurso* proceedings every single time they have been asked to do so by a petitioner who was appointed by the Mexican debtor, without exception." Bankruptcy Order at 3 & n.2 (citing *In re Compania Mexicana de Aviacion, S.A. de C.V.*, No. 14182 (MG) (Bankr.

S.D.N.Y. Nov. 8, 2010); *In re Cozumel Caribe, S.A. de C.V.*, No. 10-13913 (MG) (Bankr. S.D.N.Y. Oct. 20, 2010); *In re Metrofinanciera, S.A.P.I. de C.V.*, No. 10-20666 (Bankr. S.D. Tex. Sept. 24, 2010); *In re Controladora Comercial Mexicana, S.A.B. de C.V*, No. 10-13750 (SMB) (Bankr. S.D.N.Y. Aug. 19, 2010); *In re Corporacion Durango, S.A.B. de C.V.*, No. 08-13911 (ALG) (Bankr. S.D.N.Y. Dec. 11, 2008)). The Noteholders accurately point out that none of these decisions are binding on this court, and most of them did not consider whether the foreign representative was appropriate. Appellant's Brief at 17.

The only case that appears to have directly addressed the issue of whether the appointment of Vitro's foreign representative was proper is *In re Compania Mexicana de Aviacion*. In that case, the bankruptcy court ruled from the bench that the board of directors of a Mexican corporation could authorize a person to act as the corporation's foreign representative in a Chapter 15 proceeding. *Id*. at 26. The court based its decision on the fact that, under Mexican bankruptcy law, the debtor is allowed to remain in possession and manage its affairs. *Id*. at 27. Because the debtor in a Mexican bankruptcy is essentially a debtor in possession, the court held that it may authorize its own foreign representative under Section 101(24). *Id*.

The reasoning in *Compania Mexicana* is supported by the text of Section 101(24). Under this provision, a foreign representative is a person or body authorized in a foreign proceeding (1) "to administer the reorganization or the

liquidation of the debtor's assets or affairs," or (2) "to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). This second prong of Section 101(24) provides that a person authorized to act as a foreign representative of a foreign proceeding may act as one in a Chapter 15 case in a U.S. bankruptcy court. This would include individuals who are directly appointed by foreign courts.

However, under the first prong of Section 101(24), those authorized "to administer the reorganization or the liquidation of the debtor's assets or affiliates" are also permitted to be a foreign representative. Under Mexican law, a debtor is generally authorized to manage its business enterprise during the conciliation phase of a concurso proceeding. Appellee's Brief at 29 (docket entry 24). This is similar to the concept of the "debtor in possession" in U.S. bankruptcy law. *Id.* at 30. While the Noteholders maintain that there are differences between the U.S. and the Mexican conceptions of a debtor in possession, Appellant's Brief at 21-22, the court is not persuaded that they are of sufficient magnitude to warrant the conclusion that Vitro cannot appoint its own foreign representative under the first prong of Section 101(24).

2. *The Applicability of Mexican law*

The Noteholders also contend that Article 282 of the *Ley de Concursos Mercantiles*, the relevant Mexican law, prohibits a debtor in possession like Vitro from

appointing its own foreign representatives.  Appellant's Brief at 27-29.  Article 282 states that:

> "[1] the *visitador*, [2] the *conciliador* or [3] the *sindico* shall be empowered to act in a foreign State, to the extent permitted by the applicable foreign law, on behalf of a concurso mercantil which has been initiated in the Republic of Mexico pursuant to this Law."

*Id.* at 11.

The Noteholder's legal expert testified that Article 282 is the only provision that identifies who may serve as a foreign representative.  Appellant's Brief at 11.  As a result, under canons of Mexican statutory construction, the Noteholders urge, Article 282 is an exclusive list of those individuals who may serve as a foreign representative.  *Id*.

The individuals listed in Article 282 are empowered to act on behalf of the debtor at different points of the *concurso* proceeding.  The *visitador*, or the "examiner," is appointed after the filing to determine whether a debtor qualifies for a *concurso* reorganization.  Appellant's Brief at 10.  The *conciliador* is responsible for "supervising the conduct of the debtor's business, administering its bankruptcy case, and formulating a creditor repayment plan."  *Id*.  The *sindico*, or "liquidator," is appointed to liquidate the business if a creditor repayment plan is not reached within a specified period of time.  *Id*.

However, the matter of whether Sanchez-Mujica and Arechavaleta are proper foreign representatives is a matter of United States -- not Mexican -- law. The Noteholder's legal expert admitted this at the hearing in front of Judge Hale. Appellee's Brief at 39 ("[W]hy these United States Courts decided to allow [an officer or director of a Mexican debtor] to serve as foreign representative is beyond my knowledge, because it's a matter of United States law."). Moreover, a Mexican court refused to issue a decree stating that the *conciliador* is the only proper foreign representative. Appellant's Brief at 23. As the Noteholders themselves concede, the court "held it had 'no competence or sanction' to rule on the question whether Sanchez-Mujica or Arechavaleta were eligible *under United States law* to serve as foreign representatives." *Id*. (emphasis in original).

Moreover, even if Article 282 did apply, there is reason to believe that it is not an exclusive list of the parties who can act as a foreign representative. Vitro's legal expert testified at the hearing in the bankruptcy court that Article 282 did not prevent other individuals, such as those appointed by the debtor's board, from acting as foreign representatives. Appellant's Brief at 12. And a decision by a Mexican court in this case held that "although the *conciliador* is authorized by Article 282 of the LCM to serve as the foreign representative, 'it does not mean that he is the only one that can act on behalf of this bankruptcy proceeding.'" *Id*. at 29. Instead,

"another person [may] be[] authorized to act as a representative of the proceeding."

*Id*.

### C.  Bankruptcy Court's Judicial Notice of Materials from Other Cases

The Noteholders also object to the bankruptcy court's decision to take judicial notice of materials from other bankruptcy cases.  Appellant's Brief at 1.  If it was an error for the bankruptcy court to take judicial notice of these materials, then it was harmless error.  There is no reason to believe that the bankruptcy court improperly relied on this material.  Moreover, this court's decision to affirm the bankruptcy court's decision to recognize the foreign proceeding is not affected by this alleged error.

### III.  CONCLUSION

For the reasons stated above, the appeal of the bankruptcy court's order on petition for recognition of a foreign main proceeding is **AFFIRMED**.

**SO ORDERED**.

May 1, 2012.

*[signature: A. Joe Fish]*

A. JOE FISH
**Senior United States District Judge**