UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | 11-33335-HDH-15 |
| Debtor. | ) | |
| ------------------------------------------------------- | ) | |
| AD HOC GROUP OF VITRO | ) | |
| NOTEHOLDERS, | ) | |
| | ) | |
| Appellant, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:11-CV-2888-G |
| | ) | |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | |
| Appellee. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is an appeal from the bankruptcy court's order granting

recognition of a foreign main proceeding.  For the reasons set forth below, the

bankruptcy court's order is affirmed.

I.  BACKGROUND

This bankruptcy appeal deals with recognition of a foreign bankruptcy

proceeding under Chapter 15 of the Bankruptcy Code.  The appellee, Vitro, S.A.B. de

C.V. ("Vitro"), is a Mexican holding company; its subsidiaries jointly constitute one of the largest glass manufacturers in the world.  Brief of Appellant the Ad Hoc Group of Vitro Noteholders ("Appellant's Brief") at 2, 4 (docket entry 18).  The appellant, the Ad Hoc Group of Vitro Noteholders ("the Noteholders"), consists of entities which have beneficial interests in certain debt instruments issued by Vitro and guaranteed by its subsidiaries.  *Id*. at 2.

At a board meeting on October 29, 2010, Vitro appointed Alejandro Sanchez-Mujica ("Sanchez-Mujica") to be its "foreign representative" in its anticipated bankruptcy filing.  *Id*. at 6.  On December 13, 2010, Vitro filed a voluntary petition for reorganization -- known as a "*concurso mercantil*" petition -- in a Mexican court.  *Id*. at 7.  Vitro subsequently filed a petition under Chapter 15 in the United States to recognize the Mexican proceeding.  *Id*. at 8.

The Noteholders objected to Vitro's petition on a number of grounds, including on the basis that Sanchez-Mujica could not be a foreign representative because he was not allowed to leave Mexico.  *Id*. at 9.  In response, Vitro appointed Javier Arechavaleta Santos ("Arechavaleta") to be, with Sanchez-Mujica, a "co-foreign representative" of Vitro.  *Id*.

On July 14, 2011, the bankruptcy court held an evidentiary hearing in this case.  *Id*. at 9.  On July 21, 2011, the bankruptcy court filed an order recognizing the Vitro foreign main proceeding.  Order on Petition for Recognition of Foreign Main

Proceeding ("Bankruptcy Order") at 1-4 (bankruptcy docket entry 137).  The

Noteholders then filed the instant appeal.

## II.  ANALYSIS

### A.  Legal Standard

Under Chapter 15 of the Bankruptcy Code, a debtor in a foreign bankruptcy

proceeding may petition a court for "recognition" of the foreign proceeding.  *See*

*generally* 11 U.S.C. § 1501 *et seq.*  Under 11 U.S.C. § 1515, this petition is filed by a

foreign representative.  If the petition is not accompanied by certain documents, it

must contain "evidence acceptable to the court of the existence of such foreign

proceeding and of the appointment of the foreign representative."  11 U.S.C.

§ 1515(b)(3).  A court shall enter an order recognizing a foreign proceeding only if

three requirements are met.  First, "such foreign proceeding for which recognition is

sought is a foreign main proceeding or foreign nonmain proceeding within the

meaning of section 1502."  *Id*. § 1517(a)(1).  Second, "the foreign representative

applying for recognition is a person or body."[*]  *Id*. § 1517(a)(2).  Third, the petition

must fulfill all the requirements of Section 1515.  *Id*. § 1517(a)(3).

The crucial party in a Chapter 15 proceeding is the "foreign representative" of

the debtor.  If a court grants recognition, then the foreign representative is entitled to

---

[*]        In this case, Vitro urges that Sanchez-Mujica and Arechavaleta, as "co-foreign representatives," constitute "a person or body" under 11 U.S.C. §§ 101(24) and 1517(a)(2).  While the court views this argument with skepticism, it is not a basis for reversal as neither the parties nor the bankruptcy court made an issue of it.

certain rights and privileges in a U.S. bankruptcy court. *See, e.g.,* 11 U.S.C.

§ 1509(b)(1) (foreign representative may sue or be sued); 11 U.S.C. § 1521 (foreign

representative may ask the bankruptcy court for relief if it is "necessary to effectuate

the purpose of this chapter and to protect the assets of the debtor or the interest of

the creditors"); 11 U.S.C. § 1524 (foreign representative may intervene in a state or

federal court proceeding where the debtor is a party).

11 U.S.C. § 101(24) defines the term "foreign representative" as

> "a person or body, including a person or body appointed
> on an interim basis, authorized in a foreign proceeding to
> administer the reorganization or the liquidation of the
> debtor's assets or affairs or to act as a representative of
> such foreign proceeding."

Moreover, 11 U.S.C. § 101(23) defines the term "foreign proceeding" as

> "a collective judicial or administrative proceeding in a
> foreign country, including an interim proceeding, under a
> law relating to insolvency or adjustment of debt in which
> proceeding the assets and affairs of the debtor are subject
> to control or supervision by a foreign court, for the purpose
> of reorganization or liquidation."

It is important to note that Chapter 15 recognition is not a "rubber stamp

exercise," and the "burden of proof on the requirements of recognition is on the

foreign representative." *Lavie v. Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010).

Moreover, courts have recognized that the "recognition regime under chapter 15 is

quite rigid." *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 46 (Bankr. S.D.N.Y.

2008).

B.  Application

This court will "generally review factual findings for clear error and conclusions

of law de novo." *Lavie*, 607 F.3d at 1020.

1. *Whether Foreign Representatives Need
to be Approved by Foreign Courts*

In this case, the Noteholders argue that the bankruptcy court was wrong to

recognize the Mexican foreign proceeding under Chapter 15.  Appellant's Brief at 2.

In particular, the Noteholders insist that Sanchez-Mujica and Arechavaleta are not

foreign representatives under Section 101(24) because they were not directly

approved by the Mexican bankruptcy court.  *Id*. at 16.  If Vitro did not have a valid

foreign representative, then a U.S. bankruptcy court could not have recognized the

Mexican bankruptcy proceeding under Chapter 15.  Because the court concludes,

however, that Sanchez-Mujica and Arechavaleta should be considered Vitro's foreign

representative under Section 101(24), the decision of the bankruptcy court is

affirmed.

In their appeal, the Noteholders point to the language of Section 101(24),

which states that a foreign representative must be "authorized in a foreign

proceeding." *Id*. at 18.  The phrase "foreign proceeding" is itself defined in Section

101(23) as "a collective judicial or administrative proceeding." *Id*. at 19.  According

to the Noteholders, Vitro has violated the "express and unambiguous terms of the

Bankruptcy Code" because the Mexican bankruptcy court did not itself approve

Sanchez-Mujica and Arechavaleta's appointment as co-foreign representatives.  *Id*.

The court disagrees with the Noteholder's characterization of the phrase

"foreign proceeding" as "express and unambiguous."  See *id*. at 19.  The Noteholders

submit that the phrase "authorized in a foreign proceeding" includes direct

authorization by a foreign court or administrative body, and nothing else.  However,

the court believes it is reasonable to understand the phrase "authorized in a foreign

proceeding" more broadly, *i.e.*, to mean authorized *in the context of* a foreign

bankruptcy proceeding.  If the latter interpretation is correct, then a foreign

representative who was appointed by a corporation engaged in a foreign bankruptcy

proceeding could be considered "authorized in a foreign proceeding."  In the face of

this apparent uncertainty, the court will look beyond the statutory language in

interpreting the requirement that a foreign representative be "authorized in a foreign

proceeding."

While the case law on this issue is sparse, every case cited by the parties

suggests that a debtor is allowed to appoint its own foreign representative.  As Judge

Hale recognized, "U.S. bankruptcy courts have granted recognition of *concurso*

proceedings every single time they have been asked to do so by a petitioner who was

appointed by the Mexican debtor, without exception."  Bankruptcy Order at 3 & n.2

(citing *In re Compania Mexicana de Aviacion, S.A. de C.V.*, No. 14182 (MG) (Bankr.

S.D.N.Y. Nov. 8, 2010); *In re Cozumel Caribe, S.A. de C.V.*, No. 10-13913 (MG)

(Bankr. S.D.N.Y. Oct. 20, 2010); *In re Metrofinanciera, S.A.P.I. de C.V.*, No. 10-20666

(Bankr. S.D. Tex. Sept. 24, 2010); *In re Controladora Comercial Mexicana, S.A.B. de

C.V*, No. 10-13750 (SMB) (Bankr. S.D.N.Y. Aug. 19, 2010); *In re Corporacion

Durango, S.A.B. de C.V.*, No. 08-13911 (ALG) (Bankr. S.D.N.Y. Dec. 11, 2008)).

The Noteholders accurately point out that none of these decisions are binding on this

court, and most of them did not consider whether the foreign representative was

appropriate.  Appellant's Brief at 17.

        The only case that appears to have directly addressed the issue of whether the

appointment of Vitro's foreign representative was proper is *In re Compania Mexicana de

Aviacion*.  In that case, the bankruptcy court ruled from the bench that the board of

directors of a Mexican corporation could authorize a person to act as the

corporation's foreign representative in a Chapter 15 proceeding.  *Id*. at 26.  The court

based its decision on the fact that, under Mexican bankruptcy law, the debtor is

allowed to remain in possession and manage its affairs.  *Id*. at 27.  Because the debtor

in a Mexican bankruptcy is essentially a debtor in possession, the court held that it

may authorize its own foreign representative under Section 101(24).  *Id*.

        The reasoning in *Compania Mexicana* is supported by the text of Section

101(24).  Under this provision, a foreign representative is a person or body

authorized in a foreign proceeding (1) "to administer the reorganization or the

liquidation of the debtor's assets or affairs," or (2) "to act as a representative of such

foreign proceeding." 11 U.S.C. § 101(24). This second prong of Section 101(24)

provides that a person authorized to act as a foreign representative of a foreign

proceeding may act as one in a Chapter 15 case in a U.S. bankruptcy court. This

would include individuals who are directly appointed by foreign courts.

However, under the first prong of Section 101(24), those authorized "to

administer the reorganization or the liquidation of the debtor's assets or affiliates" are

also permitted to be a foreign representative. Under Mexican law, a debtor is

generally authorized to manage its business enterprise during the conciliation phase

of a concurso proceeding. Appellee's Brief at 29 (docket entry 24). This is similar to

the concept of the "debtor in possession" in U.S. bankruptcy law. *Id.* at 30. While

the Noteholders maintain that there are differences between the U.S. and the

Mexican conceptions of a debtor in possession, Appellant's Brief at 21-22, the court is

not persuaded that they are of sufficient magnitude to warrant the conclusion that

Vitro cannot appoint its own foreign representative under the first prong of Section

101(24).

2. *The Applicability of Mexican law*

The Noteholders also contend that Article 282 of the *Ley de Concursos*

*Mercantiles*, the relevant Mexican law, prohibits a debtor in possession like Vitro from

appointing its own foreign representatives.  Appellant's Brief at 27-29.  Article 282

states that:

> "[1] the *visitador*, [2] the *conciliador* or [3] the *sindico* shall
> be empowered to act in a foreign State, to the extent
> permitted by the applicable foreign law, on behalf of a
> concurso mercantil which has been initiated in the
> Republic of Mexico pursuant to this Law."

*Id.* at 11.

The Noteholder's legal expert testified that Article 282 is the only provision

that identifies who may serve as a foreign representative.  Appellant's Brief at 11.  As

a result, under canons of Mexican statutory construction, the Noteholders urge,

Article 282 is an exclusive list of those individuals who may serve as a foreign

representative.  *Id*.

The individuals listed in Article 282 are empowered to act on behalf of the

debtor at different points of the *concurso* proceeding.  The *visitador*, or the "examiner,"

is appointed after the filing to determine whether a debtor qualifies for a *concurso*

reorganization.  Appellant's Brief at 10.  The *conciliador* is responsible for "supervising

the conduct of the debtor's business, administering its bankruptcy case, and

formulating a creditor repayment plan."  *Id*.  The *sindico*, or "liquidator," is appointed

to liquidate the business if a creditor repayment plan is not reached within a specified

period of time.  *Id*.

However, the matter of whether Sanchez-Mujica and Arechavaleta are proper foreign representatives is a matter of United States -- not Mexican -- law.  The Noteholder's legal expert admitted this at the hearing in front of Judge Hale. Appellee's Brief at 39 ("[W]hy these United States Courts decided to allow [an officer or director of a Mexican debtor] to serve as foreign representative is beyond my knowledge, because it's a matter of United States law.").  Moreover, a Mexican court refused to issue a decree stating that the *conciliador* is the only proper foreign representative.  Appellant's Brief at 23.  As the Noteholders themselves concede, the court "held it had 'no competence or sanction' to rule on the question whether Sanchez-Mujica or Arechavaleta were eligible *under United States law* to serve as foreign representatives."  *Id*. (emphasis in original).

Moreover, even if Article 282 did apply, there is reason to believe that it is not an exclusive list of the parties who can act as a foreign representative.  Vitro's legal expert testified at the hearing in the bankruptcy court that Article 282 did not prevent other individuals, such as those appointed by the debtor's board, from acting as foreign representatives.  Appellant's Brief at 12.  And a decision by a Mexican court in this case held that "although the *conciliador* is authorized by Article 282 of the LCM to serve as the foreign representative, 'it does not mean that he is the only one that can act on behalf of this bankruptcy proceeding.'"  *Id*. at 29.  Instead,

"another person [may] be[] authorized to act as a representative of the proceeding."

*Id*.

### C.  Bankruptcy Court's Judicial Notice
### of Materials from Other Cases

The Noteholders also object to the bankruptcy court's decision to take judicial notice of materials from other bankruptcy cases.  Appellant's Brief at 1.  If it was an error for the bankruptcy court to take judicial notice of these materials, then it was harmless error.  There is no reason to believe that the bankruptcy court improperly relied on this material.  Moreover, this court's decision to affirm the bankruptcy court's decision to recognize the foreign proceeding is not affected by this alleged error.

### III.  CONCLUSION

For the reasons stated above, the appeal of the bankruptcy court's order on petition for recognition of a foreign main proceeding is **AFFIRMED**.

**SO ORDERED**.

May 1, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**